Judge Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR05-5193 |
| | ) | |
| Plaintiff, | ) | FINAL ORDER OF FORFEITURE |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN A. LING, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On July 1, 2005, this court entered a Preliminary Order of Forfeiture, forfeiting defendant Kevin A. Ling's interest in a leasehold estate interest in real property, together with its buildings, appurtenances, fixtures, attachments and easements, located at 6132 North Lake Cushman Road, Hoodsport, Washington, more specifically described as follows:

A Leasehold Estate Interest in and to:

Tract C Short Subdivision No. 966, recorded December 18, 1980,
Auditor's File No. 385051, and being a portion of Lot two (2), Block one

FINAL ORDER OF FORFEITURE - 1
(CR05-5193RBL)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

(1), Assessor's Plat of Lake Cushman Eastside No. 1, Volume 9 of Plats, pages 110 to 126, both inclusive, records of Mason County, Washington.

Parcel ID:  42333 51 01901

TOGETHER WITH and SUBJECT TO a non-exclusive easement for ingress, egress and drainage and utilities, 40 feet in width, as shown on Short Subdivision No. 966, recorded December 18, 1980, Auditor's File No. 385051.
(Hereinafter, "the Property").

The above-described Property is subject to forfeiture pursuant to Title 21, United States Code, Section 853, as property used to commit and to facilitate the commission of a violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(D), manufacturing marijuana.

Pursuant to Title 21 United States Code, Section 853 (n), the United States published in the Daily Journal of Commerce and in the Shelton-Mason County Journal, on July 12, 19, and 26, 2005 and July 14, 21, and 28, 2005, respectively, the Notice of Preliminary Order of Forfeiture and of the United States' intent to dispose of the properties in accordance with law.  The notice stated that any person, other than the defendant, having or claiming a legal interest in the above-described properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

On July 29, 2005, Chase Home Finance, ("Chase") by its attorney, Routh Crabtree Olsen, P.S., submitted a petition asserting a lien interest in the Property, evidenced by a promissory note, secured by a deed of trust.  The United States does not dispute the validity of Chase's lien interest, and agrees that its forfeiture interest in the

FINAL ORDER OF FORFEITURE - 2
(CR05-5193RBL)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

Property is subject to the amount owed on the Chase lien.  Chase and the United States have entered into a stipulated agreement in settlement of Chase's Petition, which has been filed with the Court.

No other petitions or claims have been asserted in relation the Property, and the time allowed for doing so has expired.   Accordingly, pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) the Preliminary Order of Forfeiture previously entered herein is hereby amended, and

IT IS ORDERED, ADJUDGED and DECREED as follows:

1. The Stipulation for Compromise and Settlement between Chase and the United States is approved;

2. The lien interest in the Property asserted by Chase is a valid interest, not subject to forfeiture;

3.  The United States Marshals Service shall relinquish custody of the Property to Chase, so that Chase may pursue its remedies under State law to recover its lien interest in the property.

4. The lien interest which Chase is entitled to recover is in the total amount of $102,440.70, plus interest on the unpaid principal balance of its note at a perdiem rate of $19.14 after September 15, 2005, plus any costs incurred in conducting a Trustee's sale or other foreclosure proceeding under its note and deed of trust.

5. If Chase recovers its interest by causing a sale of the Property, any amount remaining after satisfaction of Chase's interest under its Promissory Note, payment of costs of sale, and payment of any taxes due, shall be finally forfeited to the United States,

FINAL ORDER OF FORFEITURE - 3
(CR05-5193RBL)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

and deposited into the Assets Forfeiture Fund of the United States Department of Justice.

Chase shall provide a written accounting to the United States Attorney setting forth the results of the sale, or other disposition of the property, and shall transmit any amount remaining after satisfaction of the payments as stated above, to the United States Attorney, by certified check, payable to the United States Marshals Service.

No right, title or interest to the above described property shall exist in any other party except as provided in this Order.

The Clerk of the Court is hereby directed to send copies of this Final Order of Forfeiture to all counsel of record and three (3) "raised seal" certified copies to the United States Marshals Service in Seattle, Washington.

DATED this 1st day of November, 2005.

_Ronald B. Leighton_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented by:

   /s/ Peter O. Mueller
PETER O. MUELLER
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206/553-2242; 206/ 553-6934

FINAL ORDER OF FORFEITURE - 4
(CR05-5193RBL)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1 |    /s/ Janaya L. Carter
2 | JANAYA L. CARTER
   Routh Crabtree Olsen, P.S.
3 | 3553 Factoria Blvd SE Suite 200
   Bellevue, Washington 98006
4 | (425) 458-2121

FINAL ORDER OF FORFEITURE - 5
(CR05-5193RBL)